UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

CASE NO.: 2:18-cv-00114-LGW-BWC

MARILYN SANTOS, individually and as
natural guardian of G.S. and J.S., minor children,
and MIRIAM TAPARI, as Court-appointed
guardian of DESIANA SANTOS, an incapacitated
person,

        Plaintiffs,

vs.

DEPUTY DEVON WILLIAM CARTER,
DEPUTY CHRISTOPHER JOSEPH PROSEN, and
CAMDEN COUNTY SHERIFF JIM PROCTOR,

        Defendants.
                                       /

## AMENDED COMPLAINT

Plaintiffs MARILYN SANTOS, individually and as natural guardian of G.S. and J.S., minor children, and MIRIAM TAPARI, as Court-appointed guardian of DESIANA SANTOS, an incapacitated person, by and through undersigned counsel, sue Defendants DEPUTY DEVON WILLIAM CARTER, DEPUTY CHRISTOPHER JOSEPH PROSEN, and CAMDEN COUNTY SHERIFF JIM PROCTOR, and allege the following:

### INTRODUCTION

1. This is an action to recover damages for the severe personal injuries sustained by Desiana Santos, G.S., and J.S., after Camden County Sheriff's Office deputies engaged in an unreasonable and dangerous pursuit of, and ultimately rammed a patrol car into, the vehicle in which Desiana Santos, G.S., and J.S. were riding in ("the subject vehicle"), in the course of performing an illegal stop. Defendant Deputies Devon Carter and Christopher Prosen have since

been indicted in connection with this incident for conspiracy, false imprisonment, making a false statement, and violating their oath of public office.

## PARTIES

2.Plaintiff Marilyn Santos is the mother and natural guardian of G.S. and J.S., both minor children, and the mother of Desiana Santos, who is incapacitated. Marilyn Santos is a citizen of Florida.

3.Plaintiff Miriam Tapari is the Court-appointed guardian of Desiana Santos, an incapacitated person. Tapari is a citizen of Florida.

4.Defendant Deputy Devon William Carter was at all material times relevant to the allegations in this Complaint, a deputy and agent of the Camden County Sheriff's Office, acting under color of state law. Upon information and belief, Carter is a citizen of Georgia and resident of Camden County, Georgia.

5.Defendant Christopher Joseph Prosen was at all material times relevant to the allegations in this Complaint, a deputy and agent of the Camden County Sheriff's Office, acting under color of state law. Upon information and belief, Prosen is a citizen of Georgia and resident of Camden County, Georgia.

6.Defendant Camden County Sheriff Jim Proctor was at all material times relevant to the allegations in this Complaint, the Sheriff and an agent of the Camden County Sheriff's Office, acting under color of state law. Upon information and belief, Proctor is a citizen of Georgia and resident of Camden County, Georgia. Under the Georgia Constitution, the Camden County Sheriff is a County officer. Ga. Const. art. IX, sec. 1, para. III.

2

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

8. This Court has supplemental jurisdiction over the state law claims asserted in this Complaint pursuant to 28 U.S.C. § 1367, as such state law claims derive from a common nucleus of operative facts as the claims arising under federal law so as to form part of the same case or controversy.

9. Venue is proper in the Southern District of Georgia because Defendants are located within this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

10. All conditions precedent to this action have been complied with or have been waived. Statutory notices of claim were properly served pursuant to Ga. Code § 36-11-1 and § 50-21-26.

## FACTUAL ALLEGATIONS

**A. The Illegal Stop and False Arrest of Desiana Santos, G.S., and J.S.**

11. On February 1, 2017, Desiana Santos ("Desiana"), a minor at the time, her two minor siblings, G.S. and J.S., and another minor passenger, I.S., were traveling south on I-95 in a Ford Ranger pick-up truck.

12. At around 6:00 pm, Camden County Deputy Christopher Prosen used a speed detection device to attempt to measure the speed at which the subject vehicle was purportedly traveling, despite the fact that Deputy Prosen was not certified to use such a device as required by Ga. Code § 40-14-2.

3

13.     Because he was not certified to use the speed detection device, Prosen could not legally stop any vehicle based upon the use of such a device, nor could any other officer legally stop a vehicle based on Prosen's unlawful use of a speed detection device.

14.     Prosen was also not qualified to visually estimate a vehicle's speed.

15.     Upon information and belief, Carter knew that Prosen was not certified to use a speed detection device and was not qualified to visually estimate a vehicle's speed.

16.     Thus, Prosen and Carter knew that Prosen was not permitted to initiate a stop based on a speed violation.

17.     Prosen allegedly activated the overhead lights on his patrol car and pursued the pick-up truck. Prosen's pursuit of the pick-up truck was illegal because it was based solely upon his illegal use of a speed detection device.

18.     As the pursuit neared exit 7 of I-95 (near the Florida-Georgia line), Camden County Deputy Devon Carter joined the pursuit in his patrol car. Upon information and belief, Carter knew at the time he joined the pursuit that Prosen did not have probable cause to stop Plaintiffs because the basis for pursuing Plaintiffs was his illegal use of a speed detection device.

19.     After the subject vehicle attempted to exit the highway, Camden County Deputy Raymond Lee Dyals, who was at all material times relevant to the allegations in this Complaint, a deputy and agent of the Camden County Sheriff's Office and acting under color of state law, joined the pursuit in his patrol car. Rather than routing the subject vehicle on to lower-traffic roads, Dyals recklessly routed the vehicle back onto I-95.

20.     To stop the subject vehicle, which was traveling south in the left lane on I-95, Deputy Carter recklessly initiated a Pursuit Intervention Technique ("PIT") maneuver by slamming the left front side of his vehicle against the right rear side of the pick-up truck. This

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

caused the pick-up truck to rotate clockwise, cross two lanes of traffic on I-95, overturn, and crash. The pick-up truck continued to skid while overturned and came to rest off the roadway.

21. The front passenger and the two occupants laying the bed of the pick-up truck were completely ejected from the vehicle. Desiana was partially ejected from the vehicle.

22. After the pick-up truck came to rest, and while Plaintiffs were dazed and injured on the ground, Prosen forcefully brandished his weapon to seize Plaintiffs.

23. Carter performed the PIT maneuver in such circumstances that were objectively unreasonable given lack of probable cause to make the stop, the type of vehicle involved, the number and placement of the occupants in the vehicle, and the subject vehicle's speed.

24. In particular, a pickup truck has a higher center of gravity and narrow wheel base, which makes it more likely to rollover during the PIT maneuver and cause severe injuries or death to occupants of the vehicle.

25. Additionally, the PIT maneuver should not be used when there are several occupants in the vehicle, occupants that are not restrained, and the windows in the vehicle are down. All of these factors were present.

26. Finally, the PIT maneuver should be avoided at higher rates of speed, ordinarily over 60 miles per hour, particularly when vehicles with higher centers of gravity are involved. The speed limit on I-95 ranges from 65-70 mph.

27. Prosen aided and abetted Carter's performance of the PIT maneuver because he provided false information to Carter with the intent of effectuating an illegal stop, pursued the subject vehicle with Carter, and brandished his weapon upon Plaintiffs' ejection from the subject vehicle.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

28. In deciding to perform the PIT maneuver, Carter relied upon Prosen's estimation of the subject vehicle's speed, despite knowing that Prosen was unqualified to visually estimate speed or use a speed detection device.

29. At all times during the pursuit, Carter and Dyals were in the vicinity of the pick-up truck, and in a position to prevent the use of an unnecessarily forceful PIT maneuver on Plaintiffs, but failed to prevent severe injury to the subject vehicle's occupants by failing to intervene.

30. Desiana, G.S. and J.S. suffered severe physical injuries in the crash, as well as pain and suffering, as a direct and proximate result of the actions of Defendants. Desiana suffered traumatic brain injury and was in a coma several days; she also suffered head lacerations, broken bones, and road rash over her body. G.S. suffered brain injury and was in a coma approximately 4 days; he also suffered head lacerations. J.S. suffered head lacerations, a broken bone, and road rash.

31. Desiana, G.S., J.S., and I.S. had to be transported to University of Florida Heath in Jacksonville, Florida, for treatment.

**B. The Illegal Cover-Up of the Incident.**

32. Upon information and belief, to cover up the fact that the deputies made an illegal stop of Plaintiffs and to manufacture a justification for the stop, Prosen and Carter agreed that Prosen would falsify his police report to falsely state that Prosen observed that the subject vehicle failed to maintain its center lane and the driver was not wearing a seat belt. Indeed, the police report reflects those where the reasons for the stop, despite the fact that the basis for the report and the reasons for stopping the subject vehicle were false.

6

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

33. Following an investigation by the Georgia Bureau of Investigation, Prosen and Carter were indicted for conspiracy to commit making a false statement, conspiracy to commit false imprisonment, and false imprisonment.

34. According to the Indictment, Prosen and Carter agreed to falsely imprison Plaintiffs. In furtherance of the conspiracy, the officers communicated on a cell phone and agreed that Prosen would use a speed detection device to stop and detain persons on I-95, despite the fact that both men knew that Prosen was not certified to use a speed detection device and could not legally stop any vehicles based upon the use of such a device. Prosen and Carter then followed through with that agreement, illegally pursued Plaintiffs, and caused the subject vehicle to crash.

35. According to the Indictment, after the tragic crash that severely injured Desiana, G.S., and J.S., Prosen and Carter agreed that they would issue a false traffic citation to the driver. In furtherance of the conspiracy, Prosen and Carter communicated on a cell phone and agreed that Prosen would sign Carter's name on the false traffic citation issued by Prosen. Prosen then issued the false traffic citation and made false statements in a police report.

36. Carter was additionally charged with violation of oath by a public officer by authorizing Prosen to issue a traffic citation to the driver when Carter knew that Prosen could not legally issue the traffic citation based on the use of a speed detection device.

37. Prosen was additionally charged with violation of oath by a public officer and making a false statement in his police report by falsely writing in that document that he observed the subject vehicle failed to maintain its lane and that the driver was not wearing a seat belt, when in fact the basis for initiating the stop was the unlawful use of a speed detection device.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

## CAUSES OF ACTION

### COUNT I

**FOURTH AMENDMENT VIOLATION PURSUANT TO 42 U.S.C § 1983**
**Against Defendants Devon Carter and Christopher Prosen**

38. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

39. This claim is brought against Defendants Carter and Prosen in their individual capacities.

40. The Fourth Amendment of the U.S. Constitution ensures freedom from unreasonable searches and seizures. Encompassed within the Fourth Amendment is the right to be free from an unreasonable or illegal stop, the right to be free from a stop unsupported by probable cause, and the right to be free from the use of excessive force in the course of an arrest or stop.

41. Carter and Prosen violated Plaintiffs' Fourth Amendment right to be free from an unreasonable or illegal stop and the right to be free from a stop unsupported by probable cause when they pursued Plaintiffs based upon the unlawful use of a speed detection device and performed a PIT maneuver to stop the subject vehicle.

42. Prosen used a speed detection device—knowing he was not certified to use one pursuant to Ga. Code § 40-14-2—to attempt to, and ultimately, effectuate a stop of the subject vehicle.

43. Carter violated Plaintiffs' Fourth Amendment right to be free from the use of excessive force in the course of an arrest or stop when he performed the PIT maneuver at a time when he knew (1) there was no probable cause to effectuate the stop and no probable cause to

8

believe that Plaintiffs posed a significant threat of death or serious physical injury to the officers or others and when (2) that performing the PIT maneuver in such circumstances was objectively unreasonable given lack of probable cause to make the stop, the type of vehicle involved, the number of occupants in the vehicle, and the speed of the vehicle.

44. It would be clear to a reasonable officer that the conduct of Carter and Prosen was unlawful at the time.

45. As a direct and proximate cause of Carter's and Prosen's actions as described above, Plaintiffs suffered severe injuries.

## COUNT II

### CONSPIRACY PURSUANT TO 42 U.S.C. § 1983
### Against Defendants Devon Carter and Christopher Prosen

46. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

47. This claim is brought against Defendants Carter and Prosen in their individual capacities.

48. As set forth above, Carter and Prosen conspired to violate Plaintiffs' Fourth Amendment rights to be free from an unreasonable or illegal stop, to be free from a stop unsupported by probable cause, and to be free from the use of excessive force in the course of an arrest or stop.

49. Carter and Prosen conspired to violate Plaintiffs' Fourth Amendment rights for the purpose of satisfying the widespread custom and/or practice in the Camden County Sheriff's Office of stopping individuals without probable cause and/or for the purpose of meeting monthly

9

traffic citation "quotas," demanded by superiors within the Camden County Sheriff's Office, including, upon information and belief, Camden County Sheriff Jim Proctor.

50. Carter and Prosen's actions would constitute a criminal conspiracy in violation of 18 U.S.C. §§ 241 and 242. In particular, Carter and Prosen conspired to injure or oppress Plaintiffs in the State of Georgia in the free exercise or enjoyment of their Fourth Amendment rights.

51. Moreover, Carter and Prosen's actions constitute a criminal conspiracy in violation of Ga. Crim. Code § 16-4-8.

52. As a direct and proximate cause of the wrongful actions of Carter and Prosen, Plaintiffs suffered severe injuries.

## COUNT III

### FALSE IMPRISONMENT
### Against Defendants Devon Carter and Christopher Prosen

53. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

54. This claim is brought against Defendants Carter and Prosen in their individual capacities.

55. Carter and Prosen, in violation of the person liberty of Plaintiffs, stopped and detained Plaintiffs without legal authority.  In particular, Carter and Prosen stopped the subject vehicle based upon the illegal use of a speed detection device.

56. Carter and Prosen acted with actual malice, namely, they each had the deliberate intention to do wrong.  Both defendants knew Prosen was not certified to use a speed detection device; both defendants knew that a stop based on Prosen's use of a speed detection device

10

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

would therefore be illegal; both defendants knew that Prosen was not qualified to estimate speed; and both defendants nonetheless agreed to effectuate a stop of Plaintiffs based on the illegal use of a speed detection device.

57. As a direct and proximate cause of the wrongful actions of Carter and Prosen, Plaintiffs suffered severe injuries.

## COUNT IV

### BATTERY
### Against Defendant Devon Carter

58. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

59. This claim is brought against Defendant Carter in his individual capacity.

60. At all material times, Carter was acting under color of state law, as a deputy of the Camden County Sheriff's Office.

61. Carter committed a battery on Plaintiffs when he performed the PIT maneuver by intentionally slamming the left front side of his vehicle against the right rear side of the subject vehicle, causing the subject vehicle to overturn and crash.

62. At the time Carter performed the PIT maneuver he knew there was no probable cause to effectuate the stop and no probable cause to believe that Plaintiffs posed a significant threat of death or serious physical injury to the officers or others.

63. The PIT maneuver was excessive and not reasonably necessary. Carter performed the PIT maneuver in such circumstances that were objectively unreasonable given lack of probable cause to make the stop, the type of vehicle involved, the number of occupants in the vehicle, and the speed of the vehicle.

11

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

64. Carter acted with actual malice, namely, he used force with the deliberate intention to do a wrongful act. Carter knew Prosen was not certified to use a speed detection device or qualified to estimate speed; he knew that a stop based on Prosen's use of a speed detection device would therefore be illegal; and he nonetheless agreed to effectuate an unreasonable, dangerous, and unnecessary stop of Plaintiffs based on the illegal use of a speed detection device.

65. As a direct and proximate cause of the wrongful actions of Carter and Prosen, Plaintiffs suffered severe injuries.

## COUNT V

### CONSPIRACY TO COMMIT FALSE IMPRISONMENT
### Against Defendants Devon Carter and Christopher Prosen

66. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

67. This claim is brought against Defendants Carter and Prosen in their individual capacities.

68. Prosen and Carter agreed to falsely imprison Plaintiffs and make a false statement in their traffic citation and police report, both of which constitute crimes in the State of Georgia.

69. In furtherance of the conspiracy, the officers agreed that Prosen would use a speed detection device to stop and detain persons on I-95, despite the fact that both men knew that Prosen was not certified to use a speed detection device and could not legally stop any vehicles based upon the use of such a device.

70. Prosen and Carter then followed through with that agreement, illegally pursued Plaintiffs, and caused them to crash.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

71. Prosen and Carter then agreed that Prosen would sign Carter's name on the false traffic citation issued by Prosen. Prosen issued the false traffic citation and made false statements in a police report.

72. As a direct and proximate cause of the wrongful actions of Carter and Prosen, Plaintiffs suffered severe injuries.

### COUNT VI

**NEGLIGENT SUPERVISION AND TRAINING**
**Against Defendant Sheriff Jim Proctor**

73. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

74. This claim is brought against Sheriff Proctor in his official capacity as Sheriff of the Camden County Sheriff's Office and in his individual capacity.

75. Upon information and belief, Carter, Prosen, and Dyals were traveling in county-owned patrol cars at all material times relevant to the allegation in this Complaint.

76. At all material times relevant to the allegations in this Complaint, Carter, Prosen, and Dyals were acting under color of state law and as agents of the Camden County Sheriff's Office.

77. At all material times relevant to the allegations in this Complaint, Carter, Prosen, and Dyals were acting in furtherance of the business of the Camden County Sheriff's Office and within the scope of that business.

78. Sheriff Proctor owed a duty to Plaintiffs to ensure that his deputies operate their patrol cars with due care and for lawful purposes only.

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

79. Sheriff Proctor breached these duties by negligently supervising and training Carter, Prosen, and Dyals on when it is appropriate and reasonable to effectuate a stop and/or continue the pursuit of a subject, and on the appropriate and reasonable use of the PIT maneuver.

80. Sheriff Proctor further breached these duties by failing to properly implement the training procedures as to the Sheriff's deputies, including Carter, Prosen, and Dyals.

81. Upon information and belief, the Camden County Sheriff's Office's policies and procedures require that Sheriff's deputies be provided training on how to operate patrol cars with due care and for lawful purposes only. Carter, Prosen, and Dyals failed to follow that training here.

82. Upon information and belief Sheriff Proctor knew or should have known Carter, Prosen, and Dyals were not adequately trained in effectuating proper stops, properly initiating and continuing the pursuit of a subject, and appropriately and reasonably using the PIT maneuver, and therefore would tend to engage in behavior that could cause injury to others, including Plaintiffs.

83. As a direct and proximate cause of the wrongful actions of Sheriff Proctor, Plaintiffs suffered severe injuries.

## COUNT VII

### VIOLATION OF 42 U.S.C § 1983
### Against Defendant Sheriff Jim Proctor

84. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

85. This claim is brought against Sheriff Proctor in his official capacity as Sheriff of the Camden County Sheriff's Office.

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

86. At all material times, Carter, Prosen, and Dyals were Camden County Sheriff's Office employees, agents, and officers who were acting under the color of state law and pursuant to the policy, custom, or usage of the Camden County Sheriff's Office.

87. At all material times, the Camden County Sheriff's Office had a custom, policy, or practice whereby its police officers (1) used excessive force or acted recklessly or negligently when attempting to detain individuals, and (2) stopped individuals without probable cause.

88. In particular, there is a widespread unofficial custom or practice in the Camden County Sheriff's Office of initiating and continuing a pursuit or using the PIT maneuver where it is unreasonable or dangerous to do so, which is so permanent and well settled as to constitute a custom or usage with force of law.

89. There is also widespread unofficial custom or practice in the Camden County Sheriff's Office of stopping individuals without probable cause or for the purpose of meeting monthly traffic citation "quotas," which is so permanent and well settled as to constitute a custom or usage with force of law.

90. At all material times, the Camden County Sheriff's Office also had a custom, policy, or practice whereby it failed to adequately supervise or train its employees, agents, and officers on when it is appropriate and reasonable to effectuate a stop, what constitutes probable cause, when it is appropriate and reasonable to initiate and continue the pursuit of a subject, and on the appropriate and reasonable use of the PIT maneuver.

91. The Camden County Sheriff's Office's failure to provide adequate training and supervision on the matters identified in paragraph 76 evidences a deliberate indifference to the constitutional rights of the citizens of Camden County and all persons who travel through Camden County.

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444

92. The Camden County Sheriff's Office should be on notice of the need to train its officers on the matters identified in paragraph 76.

93. The Camden County Sheriff's Office is aware that its officers regularly police the roads and highways of Camden County.

94. The customs, policies, or practices identified above constitute deliberate indifference to Plaintiffs' Fourth Amendment rights under the United States Constitution, including the right to be free from unlawful detention, the right to be free from unlawful seizure, and the right to be free from excessive use of force in the course of arrest or stop.

95. The Camden County Sheriff's Office's implementation and execution of the customs, policies, or practices identified above is the moving force that caused the violation of Plaintiffs' constitutional rights.

96. As a direct and proximate result of the above-described actions of Camden County Sheriff's Office's employees, agents, and officers, and pursuant to the Camden County Sheriff's Office's customs or policies, Plaintiffs suffered severe personal injuries.

## COUNT VIII

### VIOLATION OF GEORGIA CONSTITUTION
### Against Defendant Sheriff Jim Proctor

97. Plaintiffs incorporate and reallege paragraphs 1 through 37 as if fully set forth herein.

98. This claim is brought against Sheriff Proctor in his official capacity.

99. At all material times, Carter, Prosen, and Dyals were Camden County Sheriff's Office employees, agents, and officers who were acting under the color of state law and pursuant to the policy, custom, or usage of the Camden County Sheriff's Office.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

100. At all material times, the Camden County Sheriff's Office had a custom, policy, or practice whereby its police officers (1) used excessive force or acted recklessly or negligently when attempting to detain individuals, and (2) stopped individuals without probable cause.

101. In particular, there is a widespread unofficial custom or practice in the Camden County Sheriff's Office of initiating and continuing a pursuit or using the PIT maneuver where it is unreasonable or dangerous to do so, which is so permanent and well settled as to constitute a custom or usage with force of law.

102. There is also widespread unofficial custom or practice in the Camden County Sheriff's Office of stopping individuals without probable cause or for the purpose of meeting monthly traffic citation "quotas," which is so permanent and well settled as to constitute a custom or usage with force of law.

103. At all material times, the Camden County Sheriff's Office also had a custom, policy, or practice whereby it failed to adequately supervise or train its employees, agents, and officers on when it is appropriate and reasonable to effectuate a stop, what constitutes probable cause, when it is appropriate and reasonable to initiate and continue the pursuit of a subject, and on the appropriate and reasonable use of the PIT maneuver.

104. The Camden County Sheriff's Office's failure to provide adequate training and supervision on the matters identified in paragraph 76 evidences a deliberate indifference to the rights of the citizens of the Camden County.

105. The Camden County Sheriff's Office should be on notice of the need to train its officers on the matters identified in paragraph 76.

106. The Camden County Sheriff's Office is aware that its officers regularly police the roads and highways of Camden County.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

107. The customs, policies, or practices identified above constitute deliberate indifference to Plaintiffs' rights under Article 1, section 1, paragraphs 13 and 17 of the Georgia Constitution, including the right to be free from unlawful detention, the right to be free from unlawful seizure, and the right to be free from excessive use of force in the course of arrest or stop.

108. The Camden County Sheriff's Office's implementation and execution of the customs, policies, or practices identified above caused the violation of Plaintiffs' constitutional rights.

109. As a direct and proximate result of the above-described actions of Camden County Sheriff's Office's employees, agents, and officers, and pursuant to the Camden County Sheriff's Office's customs or policies, Plaintiffs suffered severe personal injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter a judgment in favor of Plaintiffs for all damages allowed by law, including punitive damages, plus any applicable interest, as well as attorney's fees and costs, if applicable, and for any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Dated this 24th of January 2019.

    Respectfully submitted,

    **COLSON HICKS EIDSON**
    255 Alhambra Circle, Penthouse
    Coral Gables, Florida  33134

18

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

Telephone: (305) 476-7400  
Facsimile: (305) 476-7444

By: /s/ *Lazaro Fields*  
W. Allen Bonner, Esq.  
Georgia Bar No. 948993  
allen@colson.com  
Joseph J. Kalbac, Esq.  
jkalbac@colson.com  
Admitted *Pro Hac Vice*  
Stephanie A. Casey, Esq.  
scasey@colson.com  
Admitted *Pro Hac Vice*  
Francisco R. Maderal, Esq.  
frank@colson.com  
Admitted *Pro Hac Vice*  
Lazaro Fields, Esq.  
laz@colson.com  
Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

We hereby certify that on this 24th of January, 2019, we electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

| | |
|---|---|
| W. Allen Bonner, Esq.<br>abonner@colson.com<br>Joseph J. Kalbac, Esq.<br>jkalbac@colson.com<br>Stephanie A. Casey, Esq.<br>scasey@colson.com<br>Francisco R. Maderal, Esq.<br>Frank@colson.com<br>Lazaro Fields, Esq.<br>laz@colson.com<br>COLSON HICKS EIDSON<br>255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134 | Nathan T. Williams, Esq.<br>nathan@williamslg.com<br>THE WILLIAMS LITIGATION GROUP<br>PO BOX 279<br>Brunswick, GA 31521<br><br>Sun S. Choy, Esq.<br>schoy@fmglaw.com<br>Wesley Calvin Jackson, Esq.<br>wjackson@fmglaw.com<br>FREEMAN, MATHIS, & GARY, LLP<br>100 Galleria Pkwy., SE, Suite 1600<br>Atlanta, GA 30339 |

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

*Attorneys for Plaintiffs*	Richard K. Strickland, Esq.
rstrickland@brbcsw.com
Bradley J. Watkins, Esq.
bwatkins@brbcsw.com
BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
PO BOX 220
Brunswick, GA 31521

Jacob D. Massee, Esq.
jmassee@olivermaner.com
OLIVER MANER, LLP
218 West State Street
PO BOX 10186
Savannah, GA 31412

*Attorneys for Defendants*


/s/ Lazaro Fields
Lazaro Fields